[Mathews v. The State.]

# Mathews *v.* The State.

*Indictment for Murder.*

1. *Homicide; admissibility of statements of defendant made short-ly after the killing.*—On a trial under an indictment for murder, where the witness testifies that no threats were made against the defendant or any inducements offered or any hope held out to him to get him to make any statements about the difficulty, shortly after the homicide occurred, the statements so made by the defendant are admissible in evidence against the objection of the defendant that they were not voluntary.

2. *Homicide; charge of court to jury as to self-defense.*—On a trial under an indictment for murder, where the defendant intro-duces evidence tending to show that he acted in self de-fense, a charge is erroneous and properly refused which in-structs the jury that "If the jury believe from the evidence that the defendant was free from fault in bringing on the difficulty and that the circumstances were such as to impress on the mind of a reasonable man that he was in imminent danger of suffering great bodily harm, and he could not re-treat without increasing his peril, then he had a right to strike in self defense, even to the extent of killing his adver-sary;" such charge pretermitting the element of the honest belief of the defendant in the imminence of the peril.

3. *Same; same.*—On a trial under an indictment for murder, where the defendant introduced evidence tending to show that he acted in self defense, a charge is erroneous and properly re-fused which instructs the jury "that to justify the defendant in taking the life of Link Dallas, [the deceased], the danger need not have been a real danger, but it is sufficient if the danger were, to a reasonable mind, an apparent danger, to life or limb, and there was no way open for him to retreat without increasing his peril;" such charge pretermitting one or more of the constituent elements of self defense.

APPEAL from the Circuit Court of Lee.

Tried before the HON. N. D. DENSON.

The appellant in this case, Sam Mathews, was in-dicted, tried and convicted for murder in the second

degree for killing Link Dallas, and sentenced to fifteen years imprisonment in the penitentiary.

On the trial of the case it was shown that the defendant killed Link Dallas on the last Sunday in March, 1902, by shooting him with a gun. The evidence for the state tended to show that on the day designated, the defendant went by where Link Dallas had been shooting some cows, and asked said Dallas if he was shooting defendant's cows; that Dallas replied that he would shoot anybody's cows that ate his cotton seed, and that defendant then told him he did not want him to shoot his cows; that thereupon a quarrel arose between them and Dallas struck the defendant in the head with his gun and knocked him down, and then kicked and choked him while the defendant was on the ground; that the defendant at the time had a gun in his hand and upon getting up he started towards the deceased who had walked off some distance and said to him that he had treated him badly, and had nearly killed him; that the deceased then turned around in response to this statement and the defendant shot him, from the effects of which wound he died in a few weeks.

The evidence for the defendant tended to show that after the deceased walked away from the defendant the defendant got up and called to him and said that he, the deceased, had treated him very badly, and had nearly killed him; that thereupon the deceased turned around, started toward the defendant with his gun in his hand and said : "I have not killed you, but G—d d—you, I will kill you," and advanced upon the defendant, and thereupon the defendant shot him.

Upon the examination of one Frank McGee, as a witness for the State, and after he had testified as to the details of the difficulty which led up to the homicide, he further stated that he had heard the defendant speak of the difficulty afterwards. The solicitor then asked said witness if any threats were made against the defendant or any inducements offered or any hope held out to him in order to get him to say anything about the difficulty. Upon the witness answering these questions in the negative, he was then asked by

[Mathews v. The State.]

the solicitor what the defendant said in reference to the difficulty. The defendant objected to this question, upon the ground that it was not shown that the statements made by the defendant were voluntary. The court overruled the objection, and the defendant duly excepted. Thereupon the witness stated that the defendant said: "If Dallas had had another shell in his gun he, Dallas, would have shot the defendant."

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The danger need not have been real, but if it was sufficient to impress a reasonable man that he was in imminent peril of his life, and if he was free from fault in bringing on the difficulty, and he could not retreat without increasing his peril, then he had a right to kill his assailant in defense of himself." (2.) "If the jury believe from the evidence that the defendant was free from fault in bringing on the difficulty, and that the circumstances were such as to impress on the mind of a reasonable man that he was in imminent danger of suffering great bodily harm, and that he could not retreat without increasing his peril, then he had a right to strike in self-defense, even to the extent of killing his adversary." (3.) "The court charges the jury that to justify the defendant in taking the life of Link Dallas, the danger need not have been a real danger, but it is sufficient if the danger were to a reasonable mind, an apparent danger to life or limb, and there was no way open for him to retreat without increasing his peril."

LACKEY & BOLLING, for appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited *Gilmore v. State,* 126 Ala. 20; *Miller v. State,* 107 Ala. 45; *Wilkins v. State,* 98 Ala. 6.

DOWDELL, J.—There was no error in overruling the defendant's objection to the testimony of the witness Frank McGee as to statements made by the defen-

4c

dant shortly after the homicide. It was made clearly to appear that no threats or promises were made to induce the statement.

Written charge 1 is conceded by appellant's counsel to be incomplete and defective.

Charge 2 pretermits the element of the honest belief of the defendant in the imminency of the peril, and for this reason if no other was bad.

Charge 3 pretermits one or more of the constituents . elements of self-defense and was, therefore, properly refused. Similar charges have often been condemned by this court.—*Gilmore v. State,* 126 Ala. 20; *Miller v. State,* 107 Ala. 45; *Wilkins v. State,* 98 Ala. 6, and authorities cited in these cases.

There is no error in the record, and the judgment will be affirmed.