[Hall v. The State.]

# Hall *v.* The State.

### *Assault with Intent to Murder.*

(Decided May 19, 1914.　65 South. 427.)

1. *Evidence; Res Gestae; Exclamation of Bystanders.*—Exclamation of bystanders, "don't shoot him any more! don't do that, etc.," while defendant had his pistol aimed at his adversary whom he had shot, and who was lying on the ground, were admissible in evidence, as part of the res gestæ, and as so intimately connected with the conduct of defendant as to characterize and explain it, and as tending to show how he was influenced to refrain from further shooting.

2. *Assault With Intent to Murder; Evidence.*—On the inquiry whether the assault was with intent to murder, the character and nature of the wounds was a proper matter for consideration, and hence, evidence of their serious nature, their consequences to the assaulted party, how long he was confined to a hospital and the extent of his disabilities arising therefrom, was admissible.

3. *Same.*—As supporting the theory that defendant and not his adversary was at fault in provoking the difficulty, and that in doing the shooting he was influenced otherwise than by a purpose to defend himself, it is competent to show that a short time before the difficulty he appeared to be drinking.

4. *Same; Self-Defense.*—Charges on self-defense which omit a necessary element of justification on that ground are properly refused.

5. *Appeal and Error; Harmless Error; Evidence.*—Where evidence was admitted without objection that defendant had bottles of whiskey on his person during the fight, the subsequent admission in evidence of the bottles was harmless.

6. *Same; Review; Exceptions.*—An exception to the portion of the oral charge "as a whole, and to each sentence thereof separately and severally," amounts to no more than a mere general exception, which presents for consideration only the charge as a whole, and not to any particular part thereof, and is not sustained unless the charge be wholly bad.

7. *Witnsses; Impeachment; Inconsistent Statements.*—A question whether immediately after the shooting a witness did not make a certain statement to someone in the crowd, plainly directing his attention to the time, place and circumstances, although failing to name the person to whom the statement was made, is a proper question to ask in laying the foundation for evidence of an alleged contradictory or inconsistent statement.

8. *Charge of Court; Reasonable Doubt.*—Charges authorizing an acquittal because of a doubt arising from a consideration of a part only of the evidence in the case are properly refused.

[Hall v. The State.]

9. *Same.*—Jurors are not required to join in a verdict of not guilty because of a doubt entertained by a fellow juror, but not participated in by them; hence, a charge to acquit if there is a reasonable doubt of the guilt of defendant in the mind of any juror is properly refused.

10. *Same.*—A charge asserting that if any juror feels any uneasiness whatever as to the truth of the fact in saying guilty, and feels any desire for further evidence, he must find for an acquittal, exacts a too high degree of certainty of the correctness of the conclusion of the juror that defendant is guilty.

11. *Same; Deadly Weapon; Jury Question.*—A charge that a rock is a deadly weapon is properly refused where the evidence as to it, and the circumstances of its use makes it a jury question as to whether or not it is a deadly weapon.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

John Hall was convicted of an assault with intent to murder Fred Camack, and appeals    Affirmed.

The exceptions to evidence sufficiently appear from the opinion.  The following charges were refused to defendant:

(1) If you believe from the evidence that defendant was free from fault in bringing on the difficulty, and retreated as far as was reasonably safe under the circumstances as shown by the evidence before the firing, you should acquit.

(2) If after you have considered the whole of the evidence in this case, or any part of such evidence, there is in your mind a reasonable doubt of the defendant's guilt, you should acquit.

(3) If defendant was free from fault in bringing on the difficulty, and believed at the time he shot Camack that he was in danger of an assault on life or limb being inflicted by Camack, you should acquit.

(4) If there is in the mind of any juror a reasonable supposition of defendant's innocence arising from the facts in evidence, then you should acquit.

(5) If any juror feels any uneasiness whatever as to the truth of the fact in saying guilty, and feels any de-

sire for further evidence, he has a reasonable doubt under the law, and must find for an acquittal.

(6) I charge you that the rock or brick offered in evidence in the case is a deadly weapon.

(7) If you believe from the evidence in this case that defendant did not provoke or bring on a difficulty, but addressed Camack in an orderly and peaceful manner, and that Camack addressed defendant in an angry and insulting manner, and used such weapons or violence as to indicate to a reasonable man that he was in danger of life or limb, the law gives the defendant the right to protect himself, and you should acquit.

(8) While the burden is on defendant to prove his plea of self-defense to the reasonable satisfaction of the jury, yet if the jury had a reasonable doubt of defendant's guilt, growing out of the testimony, or any part of it, you must acquit.

(9) If you believe from all the evidence in this case that Fred Camack provoked the difficulty, and also assaulted defendant with a rock or other weapon, defendant had a right to use such force as was necessary to defend himself against such assault, even to the taking of the life of Camack if necessary to protect himself from great bodily harm or injury.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Counsel discuss the exceptions noted in the record with the insistence that no error intervened, but they cite no authority in support thereof.

WALKER, P. J.—Over objections of the defendant the state was permitted to introduce evidence as to by-

standers saying: "Don't shoot him any more!" "Don't do that!" etc.—while the defendant had his pistol aimed at his adversary after the latter had already been shot and was lying on the ground. These exclamations may be regarded as part of an occurrence which still was in progress when they were made. They were so intimately connected with the defendant's conduct as to characterize and explain it, to shed light on the purpose which he manifested by aiming his pistol again at his adversary, and to show how he was influenced to refrain from further shooting. They were part of the res gestae, and evidence of them was properly admitted.—*Wesley v. State,* 52 Ala. 182 *Dismukes v. State,* 83 Ala. 287, 3 South. 671; *Kirk v. State,* 10 Ala. App. 216, 65 South. 195; Underhill on Criminal Evidence, § 101.

On the inquiry as to whether the assault was made with intent to murder, the gravity of the wounds inflicted was a proper matter for consideration; and in this connection it was permissible to prove their serious nature and the consequences of them to the assaulted party, and to show how long he was in a hospital and the extent of his disability in consequence of his injuries.—*Wright v. State,* 148 Ala. 596, 42 South. 745.

The court was not in error in admitting testimony to the effect that a short while before the difficulty occurred the defendant appeared to be drinking. If it was a fact that when the incident occurred one of the parties to it was under the excitement of strong drink, this fact was one proper to be considered by the jury in weighing the conflicting evidence as to how the difficulty started and what was done by the participants in the course of it. It is not to be doubted that evidence tending to prove that on an occasion in question one was intemperate or insulting in his expressions and hasty or violent in his conduct is strengthened by evidence tending to prove

that at that time his ability to act soberly and with discretion was impaired by intoxication. The fact was a relevant one, in that it added to the probability of the defendant's conduct having been such as the evidence unfavorable to him tended to prove. It is common knowledge that one's use of intoxicants is liable to disturb his mental equilibrium, to weaken his power of self-restraint, and to induce hasty and unwarranted utterance and action without a due regard to consequences. The evidence in question, added to the probative effect of that which tended to prove that the defendant, and not his adversary, was at fault in starting the fight, and that in firing the shots he was influenced otherwise than by a purpose to defend himself from a real or reasonably apparent impending peril to life or limb.

After the introduction, without objection, of evidence of the circumstances that during the affray a bottle of whiskey fell out of the defendant's pocket and subsequently was picked up by him, and that the officer who took him into custody immediately afterwards found two bottles on his person, the state was permitted, over the defendant's objection, to introduce in evidence two half-pint bottles of whisky which were identified by the officer as those taken from the defendant's person. As the jury already had before them evidence—unobjected to and which remained uncontroverted—of the fact that during the fight the defendant had a bottle, or bottles, of whisky about his person, it is not to be supposed that any unfavorable impression that may have been made upon the jury by that evidence could have been substantially added to by the action of the court in allowing the jury to see the bottles which had been testified about without objection. In the circumstances mentioned the allowance of the exhibition of the bottles is not a ground

of reversal, whether the prosecution was or was not entitled to have this done.

The question asked on the cross-examination of the witness Ed. Hall as to his making a quoted statement to some one in the crowd immediately after the shooting was not subject to objection because of its failure to name the person to whom the statement was made. The question plainly directed the attention of the witness to the time, place, and circumstances of his making the mentioned statement. This was enough to make the question a proper one to be asked in laying the foundation for evidence of the alleged inconsistent or contradictory statement.—2 Elliott on Evidence, § 974. It might be impracticable to name the person to whom the statement was made because of the failure of the person or persons who heard it to discover to what particular person in a crowd it was addressed.

The appellant has nothing to complain of in other rulings made on objections to evidence. The questions involved in such rulings are not such as to call for discussion.

The bill of exceptions sets out two long extracts from the court's oral charge to the jury—each of the extracts covering nearly a page of the transcript—and states as to each of them that the defendant excepted to that portion of the charge as a whole, and to each sentence thereof separately and severally. These amounted to mere general exceptions. Each of them was too indefinite to present for consideration anything other than the whole of the portion of the charge so excepted to. Neither of those portions of the charge was, as a whole, subject to exception. Each of them embodied propositions of unquestionable correctness. The appellant cannot secure a reversal on either of these exceptions.—*Kirby v. State,* 151 Ala. 66, 44 South. 38.

The court did not err in refusing to give defendant's written charges 1, 3, 7, and 9, as each of them dealt with the subject of self-defense and failed to mention an element of the justification allowed on that ground in stating a hypothesis for a verdict of not guilty.

Written charges 2 and 8 were properly refused, as each of them authorized an acquittal because of a doubt arising from a consideration of a part only of the evidence in the case.—*Reaves v. State,* 158 Ala. 5, 48 South. 373.

Jurors who do not participate in a doubt of the defendant's guilt which is entertained by a fellow juror are not required to join in a verdict of not guilty. The refusal to give charge 4 was not error.—*Turner v. State,* 160 Ala. 40, 49 South. 828.

Defendant's refused charge 5 exacted a higher degree of certainty of the correctness of the conclusion that the defendant was guilty than the law requires to justify a verdict to that effect. Such a verdict properly may be rendered though the jurors are not free of all uneasiness as to the truth of their finding, and may wish that further evidence in support of it had been offered.

Under the evidence as to the rock testified about and the circumstances of its use by the defendant's adversary, the question of its being a deadly weapon or not was one for the jury; and charge 6 was well refused.—*Tribble v. State,* 145 Ala. 23, 40 South. 938.

There was no error in any of the written charges given at the request of the state

Affirmed.