(118 So. 239)

**BARNES v. STATE.** (7 Div. 388.)

Court of Appeals of Alabama. June 30, 1928.

Rehearing Denied Aug. 7, 1928.

Hugh Walker, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. The evidence for the state, if believed beyond a reasonable doubt, is sufficient to sustain the verdict, and counsel for appellant frankly admits that the court committed no reversible error in its various rulings upon the admission of testimony. It is insisted, however, that the court did commit error in the refusal of certain charges requested in writing by defendant, which we now proceed to consider.

Refused charges 4 and 5 base an insistence for an acquittal upon "the slightest doubt." These charges place too much burden upon the state. The doubt of defendant's guilt must be reasonable and must grow out of the evidence in the case. This applies, also, to charges 1, 2, and 3. These charges are bad.

Refused charge 6 was covered by the court in his oral charge.

Refused charge 7 does not correctly state the rule regarding the presumption of innocence. The rule is that the defendant is presumed to be innocent of the crime charged, and this presumption attends him during the trial, or until the evidence for the state overcomes this presumption beyond a reasonable doubt. The charge, as framed, is misleading.

Refused charge 11 is an admonition which this court has many times thought necessary to state in its opinions declaring the law in prohibition cases, to counteract any tendency towards a carelessness in the trial of persons charged with violation of the prohibition laws. The statement is an admonition, and as such is an argument, and has no place in a requested written charge. The foregoing is also applicable to refused charge 12.

Refused charge 13 is held to be good in Bardin v. State, 143 Ala. 74, 38 So. 833, and in Fox's case, 17 Ala. App. 559, 87 So. 621, this court dealt with a similar charge, not based upon a consideration of all the testimony. But in Edwards' Case, 205 Ala. 160, 87 So. 179, it was pointed out that, where the jury had been charged that, before the defendant could be convicted, the jury must be convinced of his guilt beyond a reasonable doubt—"a requirement far more rigorous against the state and far more favorable to defendant"—there could be no injury to the defendant in refusing the charge. We so hold. There is no error in the record, and the judgment is affirmed.

Affirmed.