183 So. 682

**BRAGG v. STATE.**

4 Div. 20.

Supreme Court of Alabama.

April 21, 1938.

Rehearing Denied June 16, 1938.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

J. C. Fleming and J. M. Rowe, both of Elba, for respondent.

GARDNER, Justice.

The reversal of the judgment of conviction by the Court of Appeals is rested upon the refusal of charge 6, requested by defendant, and reproduced in the opinion of that court.

That the concluding clause as to the burden of proof resting upon the State, under the stated circumstances, to show defendant was not free from fault, stated a correct principle, is of course well understood, and not here controverted. Bluitt v. State, 161 Ala. 14, 49 So. 854; Richardson v. State, 191 Ala. 21, 68 So. 57.

But in consideration of refused charges, to save error, the rule of strict construction has been here approved, Jebeles-Colias Confectionery Co. v. Booze, 181 Ala. 456, 62 So. 12, and it has been held enough to justify the refusal of a charge that it does not speak "in the correct and appropriate terms of the law." Ex parte State, ex rel. Atty. Gen., Bush v. State, 211 Ala. 1, 100 So. 312.

The State insists the charge is subject to criticism for a failure to qualify defendant's belief as an honest belief, as so designated in Bluitt v. State, supra; Mathews v. State, 136 Ala. 47, 33 So. 838; Tyler v. State, 207 Ala. 129, 92 So. 478; Cheney v. State, 172 Ala. 368, 371, 55 So. 801; Walker v. State, 220 Ala. 544, 126 So. 848; O'Rear v. State, 188 Ala. 71, 66 So. 81.

The point is well taken. Charge 27 considered in Davis v. State, 214 Ala. 273, 107 So. 737, 741, is in all respects substantially the same as charge 6 herein. And speaking of this charge, the opinion in the Davis Case, supra, said: "Charge 27 was properly refused. It was defective, as this court has often held, because it omitted to state that the belief of necessity to kill must be honestly entertained as well as reasonable. Griffin v. State, 165 Ala. [29] 45, 50 So. 962." Further elaboration is unnecessary. We may add, however, that charge 6 is also disapproved upon another and different ground in Hudson v. State, 217 Ala. 479, 116 So. 800, where disapproval was expressed of the opinion of the Court of Appeals in this respect rendered in Thomas v. State, 18 Ala.App. 493, 93 So. 287. See, also, Ex parte Owen, 223 Ala. 467, 137 So. 311, and Cain v. Skillin, 219 Ala. 228, 121 So. 521, 64 A.L.R. 1022.

As to charge 7, the opinion of the Court of Appeals states that it involves the same principle as presented in charge 6. Whether there is material difference so far as this latter point, as found in Hudson v. State, supra, is concerned, we need not stop to inquire, as the argument both for the State and the defendant is confined to the question of the necessity of an honest belief in charges relating to apparent danger. Defendant insists that charge 7 (copied in brief) does not relate to apparent danger, and cites our authorities, Walker v. State, 220 Ala. 544, 126 So. 848; O'Rear v. State, 188 Ala. 71, 66 So. 81, to the effect that where a defendant was in actual imminent peril of life or serious bodily harm, his honest belief in such peril is immaterial, and that the requirement of honest belief is applicable only to a state of reasonable apparent peril.

272

We appreciate the distinction, but find ourselves unable to agree to this construction of charge 7. It makes no effort to treat of actual imminent peril, but speaks of an attack of such a character "as to raise in the mind of a reasonable man the belief that he was in imminent danger of great bodily harm, and that he had such belief." The charge, therefore, as we read it, treats of belief of danger and not of actual danger. In this respect, therefore, it is not to be distinguished from charge 6, and is of consequence subject to the same criticism as first hereinabove considered.

It results, therefore, that in our opinion reversal of the judgment cannot properly be rested upon the refusal of charges 6 and 7, and that the writ of certiorari should be awarded, and the judgment of the Court of Appeals should be reversed and the cause remanded to that court for further consideration in accordance with the views herein expressed.

Writ awarded. Reversed and remanded.

All the Justices concur.