184 So. 206

GRIFFIN et al. v. STATE.

8 Div. 655.

Court of Appeals of Alabama.

June 21, 1938.

Rehearing Denied Oct. 4, 1938.

W. H. Long, of Decatur, and Wm. C. Rayburn, of Guntersville, for appellants.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

316

SAMFORD, Judge.

Insistences are made by the appellants that the verdict of the jury was contrary to the great weight of the evidence, and that the defendants were entitled to the affirmative charge on the theory that the evidence for the State was not sufficient to overcome the presumption of innocence, or, if not that, the verdict should be set aside on account of the great preponderance of the evidence favoring the defendants.

■ Neither of these contentions are tenable. The evidence for the State, if believed by the jury beyond a reasonable doubt, was sufficient to overcome the presumption of innocence and to sustain the verdict of guilt.

■ Upon the second proposition; we have examined the testimony as shown by this record, and we do not find that it presents any justification for interference on our part. The questions were plainly for the jury, and it was for them to say what weight should be given the testimony of the witnesses, who were examined ore tenus before them.

The homicide grew out of a mutual rencounter between W. D. Griffin and the deceased within the curtilage of the dwelling of Griffin. The facts leading up to the difficulty were fully gone into and testified to by eye witnesses. The rulings of the court on the admission of this testimony were free from prejudicial error.

■ The appellants insist that the court committed reversible error in refusing to give at their request charge 2. This charge is similar to charge 27 in Davis v. State, 214 Ala. 273, 107 So. 737, in which the Supreme Court, speaking through Sayre, Judge, said (page 741): "It was defective, as this court has often held, because it omitted to state that the belief of necessity to kill must be honestly entertained as well as reasonable." This may be a narrow view to take of the charge, but the decision in the Davis Case, supra, has been followed in many cases in the Supreme Court, the last of which being Ex parte State, ex rel. Attorney General, (John H. Bragg, alias, v. State of Alabama, 183 So. 682),[1] in which the Supreme Court, speaking through Gardner, Judge, said: "The State insists the charge is subject to criticism for a failure to qualify defendant's belief as an honest belief. * * * The point is well

taken. Charge 27 considered in Davis v. State, 214 Ala. 273, 107 So. 737, is in all respects substantially the same as charge 6 herein." Following the cases cited there, and other cases of similar import, we hold that charge 2 was properly refused.

Refused charge 5 is bad for the reasons as above set out. In addition to them, the charge pretermits a consideration of freedom from fault in bringing on the difficulty.

■ Refused charge 6 is fully covered by the court in its oral charge.

■ A charge similar to refused charge 8 was held to be good in Chaney v. State, 178 Ala. 44, 59 So. 604, and its refusal reversible error, but in that case it was pointed out that the charge did not have to hypothesize freedom from fault in bringing on the difficulty, as the undisputed evidence showed that the defendant did nothing to provoke the deceased before shooting. In the instant case, one of the issues was as to whether the fatal difficulty was provoked by the deceased or by the defendant W. D. Griffin, therefore a charge which failed to hypothesize freedom from fault on the part of W. D. Griffin would be fatal and properly refused.

The difficulty resulting in the homicide was originally between W. D. Griffin and the deceased. Bennie Griffin, the co-defendant, was a nephew of W. D. Griffin, and both were living in the same house and within the curtilage where the difficulty took place. So that, the defense of Bennie Griffin became dependent upon whether or not W. D. Griffin was at fault in bringing on the difficulty, and any charge on self-defense ignoring this issue would be bad and properly refused. Such is the case as to refused charge 10.

There are two charges marked 10, and the foregoing rule is applicable to the first of these charges marked 10. The second charge marked 10 is bad; in that it fails to hypothesize an honest belief. The authorities for this have been cited under a discussion of refused charge 2.

There are two charges marked 9. The first of these was covered by the court in its oral charge. The second, being the affirmative charge, was properly refused as being invasive of the province of the jury.

We have read this record as required by the Statute and have considered each and every objection. The court has committed

[1] 236 Ala. 270.

no reversible error in any instance. The general charge of the court was full and explicit upon every issue involved.

There is no error in the record. The judgment is affirmed.

Affirmed.

