189 So. 787

HARRIS v. STATE.

6 Div. 291.

Court of Appeals of Alabama.

June 6, 1939.

Boutwell & Pointer, of Birmingham, for appellant.

530

provides: "Carrying on or representing lottery; selling tickets in same," etc.

From a judgment of conviction in said court, the defendant appealed to the circuit court, and was there tried by a jury, upon a complaint filed by the Solicitor, as the law requires.

Before pleading to the merits of the complaint, in the circuit court, the defendant demurred thereto upon several grounds. The demurrers were overruled and the defendant interposed his plea of not guilty.

Upon examination, we find there was no error in the action of the court in overruling the demurrers, as the complaint filed by the Solicitor substantially followed the wording of the section of the Code upon which the prosecution was based. The complaint was in one count and charged in the alternative the several offenses denounced and made unlawful by the statute, supra.

The trial in the circuit court resulted in the conviction of the defendant; and the jury assessed a fine of $75 against him. Failing to pay the fine and costs of the proceedings, or to confess judgment therefor, the court properly sentenced the prisoner to hard labor for the county, for the specified term fixed by the statutes. Judgment of conviction was duly pronounced and entered from which this appeal was taken.

We first advert to appellant's "Proposition IV." Towit: "Where a complaint or indictment charges several offenses of the same nature, and the prosecution has introduced evidence of one distinct offense, and fixed the time and place, the proof should be confined thereto, and evidence of another distinct substantive offense cannot be admitted." The authorities cited to sustain the foregoing contention are not applicable to the case at bar. Here, the complaint contained one count only, wherein several offenses of kindred nature and same character were charged, which the statute expressly permits; and the law is, where several offenses are charged in the alternative, or the same offense is alternatively charged as having been committed in different ways, there may be proof of each alternative; but after the State closes its evidence the defendant can require an election as to the alternative upon which the State will seek a conviction. The mere offering of proof to sus-

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This prosecution originated in the Jefferson County Court of misdemeanors upon complaint and warrant issued thereon. The defendant was charged with the violation of section 4247, Code 1923, which

tain one of the alternatives is not an election by the State as to that particular charge, and does not preclude the prosecution from offering evidence to sustain the other alternative averments in the complaint or indictment, as the case may be. Of course but one conviction could be had upon a complaint or indictment containing a single count, which charged in the alternative other offenses of kindred nature or same character. In our case of Barefield v. State, 14 Ala.App. 638, 72 So. 293, 294, this court said:

"If an election could be required at all, a motion to that end was necessary and was not appropriate until all the evidence for the state had been offered.

\* \* \* \* \* \*

"To hold that an election is effected by the state offering evidence which particularizes and individualizes a single transaction as constituting an offense within the indictment, as was uniformly held before the enactment of the statute prescribing the form and scope of indictments in such cases, and allowing more than one offense to be charged in the alternative in the same count \* \* \* would be to emasculate the statute under which the indictment was drawn and destroy its wholesome purpose."

See also Brooms v. State, 15 Ala.App. 118, 72 So. 691. In Ex parte State in re Brooms v. State, 197 Ala. 419, 73 So. 35, the court said: "When an indictment contains several counts, there would be no election and proof, and a conviction can be had under each count. When, however, an indictment contains a single count and a single charge, there cannot be proof of but one offense, but if in a single count several offenses are charged in the alternative, or the same offense is alternatively charged as having been committed in different ways, there may be proof of each alternative, but after the state closes its evidence the defendant can require an election as to the alternative upon which it will seek a conviction."

The insistence above discussed cannot be sustained.

Appellant contends that upon the trial of this case, in the court below, the court by its rulings, allowed State witnesses to testify to their conclusions and opinions as to what constitutes a lottery of the nature here complained of, hence error ensued.

As to the foregoing, we have carefully examined and considered the testimony of the witnesses in question, and are of the opinion that the insistence of appellant in this connection is in no manner sustained. In our recent opinion in Hallmark v. State, Ala.App.,[1] 185 So. 908, 910, this court held, of course, that a conviction for the offense of setting up, carrying on or conducting a "lottery" or "policy racket" etc., could not be based upon mere conclusions or opinions of witnesses, and in this connection the court said: "The question as to whether or not a transaction, or a series of transactions, is a lottery, is dependent upon the facts surrounding the transaction; and, frequently, is an intricate proposition of law to be decided by the courts upon the evidence adduced. The conclusion and designation of a transaction, or a series of transactions, as a lottery, by the testimony of a lay witness, cannot be sustained by the courts; and, as to what a 'Policy Racket' is, is not judicially known."

In the instant case, the learned trial court followed the above announced rule, it appearing that the two State witnesses who testified on the question involved were both qualified to so testify and their evidence was based upon facts within their own knowledge, and not upon their opinions or conclusions.

■ Several of the alternative averments in the complaint charged offenses of a continuing nature, therefore, as stated, it was permissible for the State to adduce evidence of other acts in connection therewith, and no error prevailed in the ruling of the court as to this.

■ There was but slight conflict in the evidence in this case. The appellant testified in his own behalf and admitted he had written and sold a lottery ticket to State witness Alice McCant, as testified to by her. The fact that he "failed to turn in his book in time for said ticket to participate in the lottery," in no manner justified or excused him in this connection. The case of D'Alessandro v. State, 114 Fla. 70, 153 So. 95, cited by appellant, has no bearing upon the case at bar. In said case the defendant was charged simply with the offense of "having in his possession a lottery ticket," a very different accusation from the charges against him in this case. Moreover, on cross-examination of the defendant in this case he testified: "I had just started writing last summer. I hadn't long got back from school. I had written some before I went to school." And

---

[1] Ante, p. 416.

in reply to the question: "And you had been writing before that for a good while?" He replied: "I have not been writing steady, not regular. I wrote some a while ago but I have not wrote for some while lately." He then stated, "I entered school up there last year. I last entered at the Huntsville A. & M. the second quarter last season. I started in December last year." In order to contradict him on above statement, the Solicitor asked him: "As a matter of fact, Obie, you didn't get out of the City jail down here, for a conviction of this sort, until January of this year, did you?" As to this, and another question of similar import, the defendant interposed strenuous objections, and counsel for appellant moved the court orally, to declare and enter a mistrial of the cause on the ground of improper and prejudicial conduct of the Solicitor. Whereupon the Solicitor stated: "The purpose is that this boy testified he was in school at Huntsville and entered school last December, and I want to show that he couldn't have entered school last December, because he didn't get out of jail until after that." The record then shows the following:

"The Court: (addressing the jury) 'Gentlemen, of course any reference to the defendant being convicted in any Court before this case was preferred against him, wouldn't tend to show his guilt in this case; wouldn't have any bearing on the question of whether he is guilty or not guilty in this case, understand. We are not trying him for those things, we are trying him for this. On cross-examination the Solicitor has asked the defendant whether or not he was in Birmingham at the time he says he was in school at a certain time, in order to direct his attention to the fact that he was in Birmingham, if he was in Birmingham, of course, under the conditions referred to in the question. I am very anxious for you not to let that influence you in convicting this defendant, but it is simply for the purpose of cross-examination, and testing the accuracy and credence of the defendant's statement about where he was, and all about it. It just goes to his credibility as a witness only.'

\*  \*  \*  \*  \*  \*

"Thereupon, the following proceedings occurred:

"Q. (by the solicitor) 'That's a fact? you were put in Jail July 14th for 180 days, six months? That's right, isn't it.' A. 'Yes sir, but I was in Birmingham.'

"The Court: 'That's simply to show he was in Birmingham and not in school.'

"Mr. Thornton: 'Yes sir.'

"The Court: 'A conviction under a city ordinance don't disqualify a witness or affect his credibility when on the stand.'

"Mr. Thornton: 'The only purpose for which we are offering it is to show the boy here can't be believed.'

"The witness: 'I was in school in December, 1936.'

"The witness: (continuing) 'I was given six months in jail. I testified that I sold those numbers to Alice McCant on this Saturday, July 10. I then sold her another one, on Monday, July 12.'"

We are of the opinion that the foregoing remarks of the court to the jury relieved the alleged injurious conduct of the Solicitor from injury to the substantial rights of the defendant. The questions propounded were on cross-examination and the court's rulings were within the sound discretion of the court. In view of the practically undisputed facts in this case we may not put the court to error as for in our opinion the prompt and emphatic remarks of the trial court cured the incident of hurtful error.

██ Charge C. was properly refused to defendant, in that, said charge failed to hypothesize the doubt in the minds of the jury, from a consideration of all the evidence; to justify an acquittal, there must be a reasonable doubt of the defendant's guilt. The requested charge was faulty in this respect. A mere "state of doubt" in the minds of the jury does not warrant the acquittal of a person charged with crime.

██ ██ The alleged objectionable argument of the Solicitor to the jury did not, in our opinion, come within the rule requiring a reversal. In order to constitute reversible error in this connection the rule is well established, that the statement, in argument, must be made as of fact, the fact stated must be unsupported by any evidence, must be pertinent to the issue, or its natural tendency must be to influence the finding of a jury. We regard the argument, here complained of, as being mere deductions of the Solicitor, based upon the evidence in this case, which tended to show the prevalence of violations in the City of Birmingham, of the statute up-

on which this prosecution was predicated. Notably, the testimony of State witness T. A. Riley, Chief of the Police Department of said city, as well as upon the testimony of other witnesses in this case.

The action of the court in overruling defendant's motion for a new trial, was without error. So far as appears from the record, "the motion for a new trial was submitted to the court on the 26th day of February 1938, and having been duly heard and considered by the court, the motion, on said date, was overruled and denied by the court." There is nothing in the record to show that any evidence was offered in support of said motion for a new trial.

The record in this case is regular, no error being apparent thereon. No reversible error appearing in any of the rulings of the court, the judgment of conviction from which this appeal was taken is affirmed.

Affirmed.

