22 So.2d 914

## FAVORS v. STATE.

6 Div. 146.

Court of Appeals of Alabama.

June 5, 1945.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

Beddow, Ray & Jones, of Birmingham, for appellant.

CARR, Judge.

Appellant was indicted on a charge of murder in the first degree and was convicted of manslaughter in the first degree. He claimed self-defense.

When the State had concluded its evidence in chief, appellant moved to exclude the testimony, taking the position that it had not been shown that the knife wounds inflicted by the defendant caused the death of the deceased. In this contention we cannot concur.

At the time the motion was tendered, the State had developed, without conflict in the evidence, that the fatal difficulty, the basis for the prosecution, occurred in a Railway Express car. Deceased was stabbed by the defendant four times, twice in the chest, once in the left shoulder, and again in the right leg. Deceased died within a few minutes at the scene of the encounter. In fact, when the last stab blows were inflicted, he fell immediately to the floor of the car and died forthwith. Gary v. State, 18 Ala.App. 367, 92 So. 533; Walden v. State, 29 Ala.App. 462, 198 So. 261.

During his argument to the jury the solicitor stated: "The defendant has admitted that he struck the fatal blow." Over timely objections the trial court allowed this statement to remain in the argument. While testifying in his own behalf the defendant deposed: "Yes, sir, dazed me; and when he hits me with the wrench I goes around Mr. McGahey, and I stabbed him standing up, before he could hit me the second lick with the wrench." Clearly, with this evidence before the jury, the solicitor was well within the rule appertaining.

At the conclusion of the oral charge to the jury, appellant's counsel stated: "If your honor please, the defendant excepts to the definition of each degree of unlawful homicide, as outlined by the court in the oral charge down to and including when the court said, 'if the defendant is guilty of anything at all in this case he would have to be guilty of something more than manslaughter in the second degree.'" There are four record pages within this inclusion. Several statements are taken therefrom, and insistence is made that error should be predicated because the court below was not authorized to so charge the jury.

The rule will not permit a review of exceptions interposed to the court's oral charge in a descriptive rather than specific manner. The duty is imposed upon counsel, when exceptions are sought to the oral charge of the court, to so specify the claimed offending portions that the trial judge will be apprised of the verbiage of his charge against which the exceptions are directed. Brock v. State, 28 Ala.App. 52, 178 So. 547; Hall v. State, 11 Ala.App. 95, 65 So. 427; Rigsby v. State, 152 Ala. 9, 44 So. 608; Cowart v. State, 16 Ala. App. 119, 75 So. 711; Forsythe v. State, 19 Ala.App. 669, 100 So. 198.

Among the written charges requested and refused to appellant is the affirmative charge. Without doubt or uncertainty a jury question was posed by the evidence in the case.

Charge numbered one refused to defendant was held to be a correct statement of the law and its refusal reversible error in Thomas v. State, 18 Ala.App. 493, 93 So. 287. However, in Hudson v. State, 217 Ala. 479, 116 So. 800, the charge is condemned and reference is there made to the approval in the Thomas case, supra, as being based on a possible failure to observe certain defects in the charge. It did not receive sanction by this court in Griffin v. State, 28 Ala.App. 314, 184 So. 206, certiorari denied 236 Ala. 584, 184 So. 208, and Pelham v. State, 24 Ala.App. 330, 134 So. 888, certiorari denied 223 Ala. 155, 134 So. 890. We entertain the view that it was properly refused in the instant case.

Refused charge numbered 13 cannot be sanctioned as a correct statement of the law. The defendant's guilt must be hypothesized on a reasonable doubt. Barnes v. State, 22 Ala.App. 581, 118 So. 239; Saulsberry v. State, 178 Ala. 16, 59 So. 476; Harris v. State, 28 Ala.App. 528, 189 So. 787.

Refused charge numbered 19 contains the vice of being argumentative.

Charge numbered 23, which was refused, received approval in Harris v. State, 96 Ala. 24, 11 So. 255, and Chaney v. State, 178 Ala. 44, 59 So. 604. In each of the cases just cited, the court based the correctness of the charge on the fact that the undisputed evidence disclosed that the defendant did not provoke the difficulty, nor was he under duty to retreat. In the case at bar, a dissimilar state of facts appears. The evidence presents a jury question as to each required ingredient or element of self defense. In this state of the

142

record, the charge was refused without error. Gaston v. State, 161 Ala. 37, 49 So. 876; Forman v. State, 190 Ala. 22, 67 So. 583; Smith v. State, 243 Ala. 254, 11 So.2d 471; Shikles v. State, 31 Ala.App. 423, 18 So.2d 412; Griffin et al. v. State, 28 Ala. App. 314, 184 So. 206.

 Refused charge numbered 24 is abstract.

We have carefully examined and studied all the questions presented for our review by exceptions reserved during the introduction of the testimony. We forego any discussion of these matters for the reason it so clearly appears there is no merit in any of them. No insistence is made in brief of counsel for appellant for error in this particular.

To treat the many grounds for error posed by the motion for a new trial would necessitate a restatement of what we have hereinabove observed.

The judgment of the primary court is ordered affirmed.

Affirmed.