## FORSYTHE v. STATE.  (8 Div. 144.)

(Court of Appeals of Alabama.  May 20, 1924.)

**1. Intoxicating liquors ⬅239(1)—Requested charge as to reasonable doubt properly refused.**

In prosecution for distilling liquor, court properly refused to charge that, if jury did not believe from evidence beyond all reasonable doubt that defendant aided or abetted in operation of still by carrying water, it must find defendant not guilty.

**2. Intoxicating liquors ⬅239(1)—Charge as to distilling held properly refused.**

In prosecution for distilling liquor, court properly refused to charge that, if jury did not believe from evidence beyond all reasonable doubt that defendant operated or had possession of still, it must find him not guilty.

**3. Criminal law ⬅819—Court may withdraw erroneous statement of law given in oral charge.**

It is right and duty of court to withdraw any erroneous statement of law given to jury in oral charge.

**4. Criminal law ⬅823(1)—Erroneous instruction cured by prompt withdrawal or instruction to disregard.**

Error in oral charge may be cured by prompt withdrawal or retraction, or by instruction to disregard.

**5. Criminal law ⬅1056(1)—Exception is necessary for review of oral charge.**

An exception is necessary for review of an oral charge, though erroneous oral charge is given on objection and exception to another charge given for purpose of curing error objected to.

**6. Criminal law ⬅844(1)—Exception merely describing subject treated by court in oral charge is bad.**

An exception merely describing subject treated by court in oral charge is bad, and exception merely designating beginning parts of oral charge excepted to is insufficient.

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Willie Forsythe was convicted of distilling, and appeals. Affirmed.

These charges were refused to defendant:

"(3) I charge you, gentlemen of the jury, that, if you do not believe from the evidence beyond all reasonable doubt that defendant aided or abetted in the operation of the still by carrying water, you must find defendant not guilty."

"(4) I charge you, gentlemen of the jury, that, if you do not believe from the evidence beyond all reasonable doubt that defendant operated or had possession of the still, you must find the defendant not guilty."

Bradshaw & Barnett, of Florence, for appellant.

Mere presence, with the intent to give aid, if necessary, is not aiding or abetting. Jones v. State, 174 Ala. 56, 57 South. 31; State v. Tally, 102 Ala. 65, 15 South. 722; Raiford v. State, 59 Ala. 106; Johnson v. State, 15 Ala. App. 303, 73 South. 210.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court had the right to withdraw the statement in the charge excepted to. Null v. State, 16 Ala. App. 542, 79 South. 678. No exception being reserved to the latter statement of the court, nothing is reserved for review. Ex parte State, 204 Ala. 389, 85 South. 785; Whittle v. State, 205 Ala. 639, 89 South. 43.

BRICKEN, P. J.  The verdict of the jury found the defendant guilty as charged in the first count of the indictment. This count charged that he did distill, make, or manufacture, alcoholic, spirituous, or malt liquors, etc., contrary to law.

No rulings of the court were invoked upon the testimony in this case, hence no exceptions were reserved in this connection.

[1, 2] Charges 3 and 4 refused to the defendant were properly refused.

At the conclusion of the court's oral charge, the transcript shows the following:

"The defendant excepts to that part of the charge to each and every word of the charge giving the definition of 'aid and abet.'"

Whereupon, through an abundance of caution the court stated:

"Gentlemen of the jury, I withdraw the definition that I gave you to 'aid and abet,' and give you this as the law on the question of aid and abet. The words 'aid and abet' comprehend all assistance rendered by act, word, encouragement, support, or presence, either actual or constructive, to render assistance should it become necessary."

Appellant here complains that this last statement is also erroneous, but concedes the record fails to disclose that an exception was reserved thereto.

[3, 4] The court had the right, in fact it was its imperative duty, to withdraw any erroneous statement of the law given to the jury in his oral charge. Whether such statement was due to inadvertence, mistake, or otherwise, and error if any may be cured by a prompt withdrawal or retraction of the objectionable statement, or by an instruction to the jury to disregard such statement.

Null v. State, 16 Ala. App. 542, 79 South. 678.

[5, 6] We pretermit the question of the correctness of the final definition of "aid and abet," as given by the court to the jury. The question is not presented. An exception is necessary for a review of an oral charge. Ex parte State ex rel., etc., Montgomery v. State, 204 Ala. 389, 85 South. 785. Moreover, the exception reserved to the first statement of the court does not appear to meet the required rule; it was descriptive rather than specific. An exception merely describing the subject treated by the court in an oral charge is bad, and an exception merely designating the beginning parts of the oral charge excepted to is insufficient. The rule requires the reservation of an exception to a particular, exactly designated statement of the judge. There is no practice allowing an exception by description of a subject treated by the court in an oral charge to the jury.

No error appears upon the record proper. The court committed no reversible error in any of its rulings. The judgment appealed from is therefore affirmed.

Affirmed.