(102 So. 486)

### GOODMAN v. STATE. (1 Div. 588.)

(Court of Appeals of Alabama. Dec. 16, 1924.)

1. Highways ⊚═186—Affirmative charge, in prosecution for failure to stop and disclose identity after automobile collision, held properly refused.

Affirmative charge, in prosecution for violation of Code 1923, § 3325, was properly refused, where defendant, after colliding with another car, drove away without disclosing his identity; accident occurring within county where prosecution was had, and within 12 months before return of indictment, and it was defendant's car, driven by him or by some one under his control.

2. Highways ⊚═186—Rule stated as to liability of owner of car failing to disclose identity on accident occurring.

Owner of automobile, which is being operated by him or under his control, and who is

present at time of collision with another car, is liable for noncompliance with statute requiring disclosure of identity in such case, unless operator disobeys his instructions.

**3. Criminal law ☞363 — Physician's testimony describing injuries of driver of car with which defendant collided held relevant as res gestæ, in prosecution for failing to disclose identity.**

Testimony of physician, describing injuries of driver of car, received in collision with defendant's car from which defendant drove away, in violation of Code 1923, § 3325, was relevant as res gestæ, after his testimony had been connected with accident.

**4. Highways ☞186—In prosecution for driving away from automobile collision without disclosing identity, certain testimony as to cause of injuries of driver of other car held relevant.**

Witness' testimony, who was present at automobile collision from which defendant drove away, in violation of Code 1923, § 3325, and who remained until injured driver of other car was accompanied by him to hospital, was relevant as tending to connect injuries of such person as they appeared at hospital as having been inflicted at time of accident.

**5. Criminal law ☞364(3)—In prosecution for driving away from automobile collision without disclosing identity, testimony that defendant one hour after accident was drunk held inadmissible as res gestæ.**

Testimony, that when defendant was arrested, more than one hour after automobile collision from which he drove away, in violation of Code 1923, § 3325, that he was drunk, and that he had whisky in his car, was too remote and unconnected with accident to be part of res gestæ.

Appeal from Circuit Court, Mobile County; O. A. Steele, Judge.

John Goodman was convicted of violating section 3325 of the Code of 1923, and he appeals. Reversed and remanded.

Charge 2, refused to the defendant, is as follows:

"Gentlemen of the jury, unless the evidence in this case satisfies you beyond a reasonable doubt that John Goodman was operating the automobile that collided with the car in which Burgett was riding, then you must acquit the defendant."

McMillan & Grove and C. W. Tompkins, all of Mobile, for appellant.

Testimony by the witness Dr. England as to the nature of Burgett's injuries was erroneously admitted. Simpson v. State, 111 Ala. 6, 20 So. 572; Kriens v. McMillan, 42 S. D. 285, 173 N. W. 731; Young v. Campbell, 20 Ariz. 71, 177 P. 19. Likewise that of witness Laird. That defendant had been drinking, and had whisky in his car when he was caught, was erroneously admitted in evidence. Wickard v. State, 109 Ala. 47, 19

So. 491; Haley v. State, 63 Ala. 89; Rogers v. State, 12 Ala. App. 196, 67 So. 781; Henson v. State, 114 Ala. 25, 22 So. 127; Willingham v. State, 10 Ala. App. 161, 64 So. 544; Gibson v. State, 14 Ala. App. 111, 72 So. 210; Fonville v. State, 91 Ala. 39, 8 So. 688.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The Legislature, in the exercise of the police power of the state, by Acts 1919, p. 1002, § 28, made it a misdemeanor for any person operating a motor vehicle, who, knowing that injury has been caused to a person or property, due to the culpability of the operator or to accident, leaves the place of such injury or accident without stopping and giving his name and residence and operator's license number to the injured party, or to some officer or to some person in the vicinity thereof. This part of the act has now been brought forward into the Code of 1923 as section 3325.

[1] It was shown by the evidence, without dispute, that such injury or accident had occurred in the city and county of Mobile as a result of a collision between a Ford car, in which one Burgett and another were riding, and a car, the property of defendant, in which he was then riding in company with a woman, and, further, it is shown without conflict that no compliance with the requirements of the above statute was had, or seriously attempted. Upon what theory the defendant requested the general affirmative charge is not known to this court. The statute was violated, it was in Mobile county, it was within 12 months before the return of the indictment, it was defendant's car, and he was in it at the time, either driving it himself or having control over the person who was doing so. The affirmative charge was properly refused.

[2] In law the owner of an automobile is liable if the vehicle is being operated by such owner or under his control, and in all cases where the owner is present he is liable for a noncompliance with a statute, unless the operator disobeys his instructions, as the owner is in control of the vehicle. Hence, charge 2, as requested by defendant, was properly refused. 28 Cyc. 32, E, 6.

[3] The testimony of Dr. England, describing the injuries of Burgett, the driver of the Ford car, was relevant as part of the res gestæ after his testimony had been connected with the accident. Therefore the error in the admission of this testimony was cured by the later testimony connecting the injuries with the accident.

[4] The testimony of the witness Laird, that he was present at the accident and remained until Burgett was accompanied by

him to the hospital, was relevant as tending to connect the injuries on Burgett at the hospital as having been inflicted at the time of the accident.

[5] The state was permitted, over the timely objection and exception of defendant, to prove that when defendant was arrested, more than one hour after the accident, he was drunk, and that defendant had whisky in the car. These facts were too remote and unconnected with the accident to be a part of the res gestæ. However reprehensible the conduct of the defendant was at the time of the arrest, such conduct cannot be admitted as proof against him in this case. Veal v. State, 19 Ala. App. 168, 95 So. 783; Jackson v. State, 18 Ala. App. 259, 89 So. 892; Davis v. State, 18 Ala. App. 482, 93 So. 269; Dennison v. State, 17 Ala. App. 674, 88 So. 211.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.