(117 So. 911)

## McCORMICK v. STATE.   (6 Div. 318.)

Court of Appeals of Alabama.   June 19, 1928.

Rehearing Denied Aug. 7, 1928.

578

F. E. St. John, of Cullman, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. ▮▮▮ This appellant was tried and convicted for the offense denounced in section 4656 of the Code of 1923, that of having in his possession a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages. The offense prescribed by said section contemplates that the accused must be in possession of a complete still before a conviction thereunder can be had. To be in possession of a part or parts of such still only is not sufficient. However, under the rule of evidence provided in section 4657 of the Code of 1923, the unexplained possession of any part or parts of a still, etc., commonly or generally used for, or that is suitable to be used in, the manufacture of prohibited liquors and beverages, shall be prima facie evidence of the violation of section 4656 of the Code, supra. ▮▮ On the trial of this case the defendant requested, in writing, the following charge:

"Unless the jury are convinced from the evidence beyond a reasonable doubt that the defendant had in his possession a complete still, your verdict must be for the defendant."

This is a good charge, and properly states the law as above announced, and in the absence of similar instructions the refusal of said charge would constitute reversible error. But we find from the oral charge that the charge in question was fairly and substantially covered. In this connection the court in the oral charge stated to the jury:

"The second count is—charges him with having in possession a still. This man cannot be convicted on the second count, unless he has a complete still; if he has in possession a part or parts of a still, that is not a violation of the law."

As stated, this part of the oral charge fairly and substantially covered the rule of law contained in the refused charge, and therefore the court will not be placed in error for refusing said charge. Section 9509 of the Code of 1923 provides:

"The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal, if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties."

The verdict of the jury operated as an acquittal of the charge contained in the first count of the indictment, and the exceptions to such rulings of the court as related only to the first count need not be considered, as said count has been eliminated by the acquittal of the defendant thereunder. As stated in brief of counsel for appellant:

"The evidence tended to show that the officers went to the home of the defendant and found, in a pit or cellar under the smokehouse, a thump keg, still worm, and some connections, and a flake stand in the smokehouse. There was no evidence that there was any furnace, and there was no boiler found. The evidence is undisputed that they did not find a complete still. The evidence shows it was a complete still, all except a boiler."

▮▮ Upon the trial the accused was allowed full opportunity and latitude to explain his possession of the several component parts of the still. This he did, and his explanation thereof was for the jury. We are of the opinion that the evidence was ample to justify the jury in their verdict. The several exceptions reserved to the admission of evidence pertaining to the charge contained in the second count of the indictment are

without merit. A witness, if he knows, may testify that an article has been used. It would probably be the better practice to permit a witness to describe the condition of the several parts of a still, the appearance thereof, etc., and let the jury decide from such evidence whether such articles had been recently used; but, as stated, if a witness can of his own knowledge say that such article had been used, we think it permissible to allow him to so testify. We would not put the court in error as a result of the exceptions reserved in this connection.

We find no error in any ruling of the court presented for consideration which, in our opinion, injuriously affected the substantial rights of the accused. The record also is without error.

Affirmed.