28 So.2d 651

**CORDER v. STATE.**

6 Div. 342.

Court of Appeals of Alabama.

Jan. 7, 1947.

D. D. Patton, of Carrollton, and W. A. Davis, of Aliceville, for appellant.

Wm. N. McQueen, Atty. Gen., and Mac-Donald Gallion, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for murder in the second degree, and by a jury found guilty of manslaughter in the first degree. His punishment was fixed at imprisonment in the state penitentiary for a term of five years.

The evidence is undisputed that appellant killed the deceased, Isiah Benton, by shooting him with a shotgun in the fore part of the head. The scene of the shooting was the home of the appellant who was standing on his front porch when he fired the gun. The deceased fell so that his head and one arm was resting on the low porch.

From this point on there is conflict in the testimony of the witnesses for the state and those for the defendant pertaining to the conduct of the appellant and the deceased.

The tendency of the evidence presented by the state was that appellant came into his home, procured his shotgun and went out onto his front porch where he called for the deceased with cursing and threats. The deceased was hiding behind an automobile parked in the appellant's yard, and when he came from behind the car he was shot by appellant. The deceased, according to these witnesses, did not have a knife or other weapon, though one of the state's witnesses said she heard the deceased tell the appellant he was going to "cut his God damn ears off" when he came from behind the car. No knife or other weapon was found on or near the deceased by Dr. Ashcraft or Sheriff Shirley who searched for one upon their arrival shortly after the killing. Other witnesses testified that no one had approached the body of the deceased after the shooting and prior to the arrival of Dr. Ashcraft.

The tendency of the testimony presented by the defense was to the effect that the appellant and deceased had been participants in a crap game a short distance

from appellant's home. They engaged in an argument during this game and deceased had knocked appellant down and threatened him with an opened knife. The deceased had then left the crap game and the appellant went immediately to his home. He procured his gun and went out on his porch where he saw deceased moving behind the parked car. The appellant called to deceased to put away his knife, that he, appellant, would put away his gun and they would fight fair. Instead the deceased ran from behind the car towards appellant, with an opened knife in his hand, threatening to cut off the appellant's God damn ears. The appellant fired as he neared the porch. One of the witnesses for the defendant admitted on cross examination that he heard the appellant cursing the deceased from his porch and threatening to kill him.

The rulings of the trial court on admissions of evidence were so patently free from error that we feel no comment is indicated on any of such rulings.

At the conclusion of the court's oral charge the record shows the following colloquy:

"By Mr. Patton: I want to reserve an exception to the Judge's charge in defining the elements of self-defense. You first told the jury he must be free from fault in bringing on the difficulty, and must be in great danger,—

"By the Court: I said, 'impending peril.'

"By Mr. Patton: I state that isn't necessary if it appeared to the defendant or to a reasonable man under like conditions that there was danger.

"By the Court: I think I charged them that.

"By Mr. Patton: I know you did, but you charged them the other way at first."

In order to put the trial court in error upon exceptions reserved to the oral charge, that portion of the oral charge excepted to must be exactly set forth. It does not suffice if the exception is made in general terms or by reference. The exception attempted in this case was in general terms and descriptive only, and therefore abortive. We must perforce hold that the question is not presented for consideration. Brock v. State, 28 Ala.App. 52, 178 So. 547, and numerous cases therein cited. We have of course carefully read the oral charge of the court. After giving a thumbnail sketch of the legal principles applicable to this case the court recapitulated some two or three times and in detail set forth correctly and clearly and in detail such principles. Considering the oral charge as a whole it was, in our opinion, clear and in every way fair and adequate to the defendant.

The two written charges requested by the appellant in the trial below were properly refused. They were faulty in that both omit to hypothesize the element of freedom from fault on the part of the defendant, which element was essential to sustain the defense of not guilty by reason of self defense, the issue clearly raised by the evidence of this case.

No error appearing affecting the substantial rights of this accused this case is due to be affirmed and it is so ordered.

Affirmed.