82 So.2d 815

**Austin ROBINSON**

v.

**STATE.**

5 Div. 432.

Court of Appeals of Alabama.

Oct. 11, 1955.

316

Wilbanks & Wilbanks, Alexander City, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment charged in count one the offense of distilling prohibited liquors, and in count two the illegal possession of a still. The jury returned a general verdict of guilty.

On the trial, by agreement, this case was consolidated with the cases of two other defendants charged with the same offenses. All three cases were tried as one, with a separate verdict and judgment in each. The other defendants are not parties to this appeal.

The State's evidence tended to show that on May 15, 1953, about three o'clock in the afternoon, five officers of the law secreted themselves at a still site in Tallapoosa County. Between 8 and 9 o'clock Oscar Sherman and Jessie Sherman, the other defendants, drove up in an automobile and unloaded from it a drum containing 55 gallons of gasoline, a gasoline burner, and eighteen five-gallon jugs. These men then drove across the road, stopped, and went to sleep in the car.

About eleven o'clock the appellant came to the site, driving a 1939 Model Plymouth automobile bearing Jefferson County license plates, and stopped about 150 feet from the still. A search of the automobile revealed eight five-gallon jugs, three five-gallon tin cans, two lunch boxes, coffee, etc.

The officers testified that all three defendants made confessory statements at the still and after they were taken to jail their confessions were reduced to writing and signed by them. Proper predicates were laid as to the statements made at the time of arrest and as to those made at the jail.

The substance of the confessions was that the defendants, who are Negroes, were operating the still for a white man from Birmingham, and that they had run about ninety gallons of whiskey the previous week.

The still was described as a fifteen hundred gallon capacity, round ditch-type boil

er, charged with sugar, shorts and meal which was fermenting, and that the mash contained alcohol.

It was shown by the officers' testimony that the still was complete except for the worm, and that some of the officers went back to the site the next morning and found the worm at the place where appellant had told them it was hidden.

The officers testified the articles found at the still site were such as are ordinarily and customarily used for and suitable to be used in the manufacture or distilling of prohibited liquors or beverages and that the still had been previously operated.

No evidence was offered in behalf of either of the defendants.

In Stover v. State, 36 Ala.App. 696, 63 So.2d 386, we quoted from the holding in Glaze v. State, 20 Ala.App. 7, 100 So. 629, certiorari denied 211 Ala. 418, 100 So. 630, to the effect that if the beer contained alcohol and if the defendant made the beer, his acts were in violation of the statute prohibiting the manufacture of illegal liquors, even though such liquor or beverage was not made by the process of distilling.

■ We also said in the Stover case, supra [36 Ala.App. 696, 63 So.2d 387], as to the charge contained in count 2 of the indictment, that "where the State relies on the rule of evidence established by Section 132, Title 29, Code: for a conviction under Section 131 of said Title, it is necessary to prove beyond a reasonable doubt (1) possession by the defendant of the articles designated, and (2) that such article or articles are commonly or generally used for or suitable to be used in the manufacture of prohibited liquors or beverages", and in the absence of such proof the defendant is entitled to the affirmative charge. Brock v. State, 19 Ala. App. 124, 95 So. 559; Wilson v. State, 20 Ala.App. 62, 100 So. 914, certiorari denied 211 Ala. 574, 100 So. 917; Pouncey v. State, 22 Ala.App. 455, 116 So. 803; Hudson v. State, 33 Ala.App. 217, 31 So.

2d 771; Griggs v. State, 18 Ala.App. 467, 93 So. 499.

However, "When the testimony proves to the jury, beyond a reasonable doubt, that the defendant was in possession of the articles described in section 4657, supra [now Sec. 132 of Tit. 29] a presumption of law arises, as fixed by the statute, making the question of possession one for the jury rather than a case for the affirmative charge." Nugent v. State, 28 Ala.App. 182, 181 So. 707, 708.

■ The evidence here presented a jury question under both counts of the indictment, and the court did not err in denying the motion to exclude the State's evidence nor in refusing the affirmative charge requested as to each count. The evidence, if believed by the jury beyond a reasonable doubt, was ample to sustain the verdict, and the motion for a new trial on the ground the verdict was contrary to the great weight of the evidence was also properly denied.

■ The appellant insists in brief that since the State's witnesses admitted that no complete still was found, a conviction could not be had, under our holding in McCormick v. State, 22 Ala.App. 577, 117 So. 911. In that case Presiding Judge Bricken properly stated: "The offense prescribed by said section [now Sec. 131 of Tit. 29] contemplates that the accused must be in possession of a complete still before a conviction thereunder can be had", but he went further and correctly stated the rule of evidence provided in Sec. 132 of Tit. 29, as to the unexplained possession of the articles there described.

On this question it was said in Nugent v. State, supra, "When it has been proven by the evidence, beyond a reasonable doubt, that a defendant is found in possession of the parts of a still enumerated in section 4657 of the Code of 1923, and no explanation is offered, a prima facie case is made out that he was in the unlawful possession of a complete still. Freeman v. State, 21 Ala.App. 629, 111 So. 188. In such a case a jury, weighing the whole

evidence, may find the defendant guilty as charged. Maisel v. State, 17 Ala.App. 12, 81 So. 348."

■ We find no merit in appellant's contention that the court erred in admitting in evidence a copy of his alleged confession. The evidence discloses it was a carbon copy bearing the original signatures of appellant and the witnesses.

■ We have said that "Carbon copies are regarded as primary duplicate originals and may be introduced in evidence without accounting for the nonproduction of the original. See 20 Am.Jur., Sec. 427; also annotation beginning at page 1498 of 51 A.L.R." Leonard v. State, 36 Ala.App. 397, 58 So.2d 138, 140, certiorari denied 257 Ala. 239, 58 So.2d 142. See also Wigmore on Evidence, 3d Ed., Vol. 4, Sec. 1233, p. 433, and State v. Trice, 338 Mo. 774, 92 S.W.2d 135.

■ On cross examination Officer Ward stated that the written confessions did not contain everything that was said between the examining officers and the defendants. On the basis of this statement appellant urges in brief, "It is certainly a miscarriage of justice to permit an interrogating officer who is skilled in such procedures to select from the answers made by an accused that which he wishes to present in court." No such ground of objection was made to the admission in evidence of the confessions, nor was there a motion to exclude the confessions on such ground. Moreover, "It is for the jury to determine the credibility and weight to be given evidence of confessions upon a consideration of all the circumstances under which they were made and the situation of the accused and his relation to the party to whom the confession was made." Smith v. State, 20 Ala.App. 442, 102 So. 733, 735. See also Johnson v. State, 242 Ala. 278, 5 So.2d 632; Fincher v. State, 211 Ala. 388, 100 So. 657; Phillips v. State, 248 Ala. 510, 28 So.2d 542; Taylor v. State, 249 Ala. 130, 30 So.2d 256; McCray v. State, 37 Ala.App. 661, 74 So.2d 487, reversed on other grounds 261 Ala. 275, 74 So.2d 491. What we have said applies equally as well to appellant's further arguments in brief that: State's witness Bence testified that Austin could not read, while the statement itself states that Austin had read it; there were six officers present in a small room containing a transmitter station, a roll-top desk, some junk, etc.; that witness Bence admitted Officer Hoover would "prod them along;" that the statement signed by defendant was shown to have been sworn to and subscribed before LaVerne J. Hoover, and it was not shown that the said Hoover was authorized to administer oaths.

■ The court did not err in denying appellant's motion to exclude the answer of Officer Baker on cross examination, as follows:

"Q. Now, Mr. Baker, this statement, all three of those statements, they show 'sworn and subscribed to' and it doesn't show anywhere on those statements that this Mr. Hoover had a right to administer any oath, does it? You read them. A. No, but everybody says a federal officer has a right to administer oaths."

Clearly, that part of the witness' answer "no" is responsive to the question. It is not error to deny a motion to strike the entire answer of a witness where a part of the answer is relevant. 18 Alabama Digest, Trial, ⊗96.

■ In order to be sufficient to invite our review, exceptions to the court's oral charge should set out the particular parts which are objectionable to the defendant, and not merely refer to the charge on a particular subject. McGhee v. State, 178 Ala. 4, 59 So. 573; Corder v. State, 32 Ala.App. 584, 28 So.2d 651; Head v. State, 35 Ala.App. 71, 44 So.2d 441; Favors v. State, 32 Ala.App. 139, 22 So.2d 914.

■ Under this rule these exceptions to the charge were too indefinite for our review.

"Mr. Wilbanks: Your honor, we respectfully state that we take exception to that part of the court's oral charge which pertains to conspiracy. We take exception to that part of the court's charge in which it says that the defendants have to explain possession—

"The Court: Said what?

"Mr. Williams: Wherein you said the defendants had to explain possession.

"The Court: The court didn't say that, that is, not in substance, the court didn't say that, and I respectfully say that. I said something about the unexplained possession.

"Mr. Wilbanks: We except to that portion with reference to unexplained possession.

"The Court: In connection with that, I will say to you, gentlemen of the jury, that the court charges you that if you are convinced beyond a reasonable doubt that these defendants, any one or more of them, had in his or their possession any part or parts of a still suitable, necessary or commonly used in the manufacture of prohibited liquors, and that is all there is to it, and there is nothing else before you, then the state has made out a prima facie case and without more, then you should find the defendant or defendants guilty."

Appellant also asserts error in brief to the language used by the court in his statement in clarifying his charge as to accused's unexplained possession of parts of a still, but since no exception was reserved to this explanatory portion of the charge, nothing is presented for review. Forsythe v. State, 19 Ala.App. 669, 100 So. 198.

The judgment of the trial court is affirmed.

Affirmed.