319 So.2d 756

**Thomas RIDER**

v.

**STATE.**

**I Div. 605.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

Claude E. Bankester, Bay Minette, for appellant.

William J. Baxley, Atty. Gen., and J. Brent Thornley, Asst. Atty. Gen., for the State.

HARRIS, Judge.

This case involves a "hit and run" accident. Omitting the formal parts the indictment upon which appellant was convicted reads as follows:

"The Grand Jury of said County charge that before finding this indictment on, to-wit: March 3, 1974, Thomas Rider, the owner of a motor vehicle involved in an accident resulting in injury to Don McCormick, did fail to immediately stop such vehicle at the scene of such accident, did also fail to give his name and address and the registration license number of such vehicle and did fail to render to said person in said accident reasonable assistance, including the carrying of such injured person to a physician or surgeon for medical or surgical treatment, it then being apparent that such treatment was necessary, against the peace and dignity of the State of Alabama."

Prior to arraignment on October 29, 1974, appellant was found to be indigent, and counsel was appointed to represent him at arraignment and trial. He pleaded not guilty. The jury returned a verdict finding appellant guilty as charged and the

court sentenced him to three years imprisonment in the penitentiary. He gave notice of appeal and was furnished a free transcript. Trial counsel was appointed to represent him on appeal.

Appellant filed a *pro se* assignments of error and one of the grounds alleged that he was not represented by competent counsel during any phase of the criminal proceedings against him. Trial counsel filed a motion for leave to withdraw from the case. This motion was granted and the court appointed another attorney to handle this appeal.

Appellant was specifically charged with violating Title 36, Section 128, Code of Alabama 1940, which, in pertinent part, reads as follows:

"The driver of any vehicle involved in an accident resulting in injury to or death of any person, or damage to a vehicle, shall immediately stop such vehicle at the scene of such accident, and shall also give his name and address, and the registration license number of his vehicle, and shall render to any person injured in such accident reasonable assistance, including the carrying of such injured person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary."

The evidence for the state is uncontradicted that on the afternoon of March 3, 1974, a boy, Don McCormick, 18 years of age, was riding a motor bike on Old Highway 98 going south. He was riding on the paved portion of the highway as close to the shoulder of the road as possible. He described the accident in these words:

"I was headed south on my bicycle and there was a blue Plymouth—old Plymouth—in the sixties. It was headed west from east and it turned going north on Old Highway 98. This car came into my lane—I was headed south, came straight at me and I had no where to go; I tried to get out of the highway to the left and could not."

He further testified that the car came all the way across the highway into his lane and headed straight into him. He was knocked off his bicycle and suffered a compound fracture of the left leg. He said the accident happened about 2:00 o'clock in the afternoon and it was perfectly clear spring weather. He stated that the car did not stop and offer to render any aid to him. He did not have a chance to see the occupants in the car to be able to identify them but thought there were three persons in the car and remembered seeing a Negro in the back seat. He was carried by ambulance to the hospital.

Dennis Ray Brown was called as a witness for the state. He stated that appellant came to his home on March 3, 1974, and picked him up. That appellant was driving a Navy blue Plymouth automobile and that he struck a boy riding a bicycle in Daphne, Baldwin County, Alabama, and kept going. That he asked appellant if he was going to stop but he just kept on going. He said the accident happened about 2:00 o'clock in the afternoon. He further testified that he and appellant had been drinking and after appellant hit McCormick, they went to the Rebel Lounge. Appellant and a person who was picked up by him went in the lounge. Brown said he stayed in the car as there was a sign on the door of the Rebel Lounge reading "White Only." Brown was also charged with leaving the scene of an accident.

Mr. Joe Hall, Chief of Police of Daphne, testified that he investigated an accident involving an automobile and a bicycle; that the accident occurred near the intersection of Johnson Road and Main Street in Daphne. That he got to the scene at approximately 3:50 p. m. and he talked to McCormick and got a description of the automobile that struck him and he put out a dispatch on his radio. He later received a radio message from a State

Trooper that this car was parked at the Rebel Lounge. He went to the Rebel Lounge and found the automobile and found a Negro by the name of Brown in the back seat. That Brown had passed out and he could not communicate with him. He walked in the lounge where several people were seated and asked if the owner of the car, which he described, was present. Appellant got up and said he was the owner of the car. The Chief arrested both appellant and Brown and put them in his patrol car. The officer stated that in his opinion both appellant and Brown were drunk.

The Chief of Police further testified that when he got to the scene of the accident, Don McCormick was lying on the ground on his back and a colored woman, who was either a nurse or an LPN, was administering first aid to him. He stated there was blood all over the ground where the boy had been bleeding profusely; that his left thigh was injured, and that it was apparent that he needed medical assistance.

Mr. Andrew Underhill testified that he caught a ride with appellant in front of his house on the afternoon in question and they went to the Rebel Lounge. He stated that appellant was driving but that Dennis Brown was in the back seat of the car.

On cross-examination he testified that after he got in the car with appellant he told them they had been in an accident. He denied that he was in the car when the accident occurred.

There were other witnesses to the accident who testified that after the automobile struck the boy on the bicycle the car did not stop. They could not identify the occupants of the car but thought they were black men.

Appellant testified that the car he was driving on the day in question belonged to his father. He had been up the river on this particular Sunday and was looking for something to drink. Dennis Brown walked by and told him he knew where they could get some whiskey. Appellant stated that he let Brown drive because he knew where they were going. They went to Brown's girl friend's house and appellant went to sleep in the car after having had a couple of drinks of wine. Appellant stated he did not wake up when Brown came back to the car. He said he awoke when the car made some kind of bump or swerved or something. He said after he awoke, he started driving because Brown was driving too fast. Later he picked up Andrew Underhill and Brown got in the back seat. They went to the Rebel Lounge where he was later arrested. He testified that he didn't know there had been an accident until Chief Hall proved it to him by showing him some light blue paint on the side of his car.

The state called Underhill on rebuttal and he testified that appellant picked him up in front of his house on the Belforest Road. That he saw appellant when he turned off the four lane on to Belforest Road and he did not stop before he picked him up. He stated that he got in the back seat and that appellant and Dennis Brown remained in the front seat.

There was no motion to exclude the state's evidence; there was no motion for a new trial, and there was no request for the affirmative charge. At the conclusion of the oral charge to the jury, appellant's counsel said, "I would like to reserve an exception to your charge as to ownership of the car." This exception was not specific enough to invite a review by this court.

In *Robinson v. State*, 38 Ala.App. 315, 82 So.2d 815, this court held:

"In order to be sufficient to invite our review, exceptions to the court's oral charge should set out the particular parts which are objectionable to the defendant, and not merely refer to the charge on a particular subject. *McGhee v. State*, 178 Ala. 4, 59 So. 573; *Corder v. State*, 32 Ala.App. 584, 28 So.2d 651; *Head v. State*, 35 Ala.App. 71, 44 So.2d 441; *Fa-

*vors v. State,* 32 Ala.App. 139, 22 So.2d 914."

Under this rule the above-quoted exception to the oral charge was too indefinite for our review.

■ In *Goodman v. State,* 20 Ala.App. 392, 102 So. 486, the rule is stated to be that in law the owner of an automobile is liable if the vehicle is being operated by such owner or under his control, and in all cases where the owner is present he is liable for a noncompliance with a statute, unless the operator disobeys his instructions, as the owner is in control of the vehicle.

■ According to the testimony of Chief Hall, appellant told him he was the owner of the automobile involved in the accident. Appellant testified that the automobile belonged to his father who had loaned it to him. Assuming this to be true appellant had a special interest as bailee in the automobile and as against all other persons, except his father, he was the owner of the car involved in the accident.

■ According to the testimony of Brown, appellant was driving the automobile when it struck the bicycle. On the other hand appellant claimed Brown was driving at the time of the accident. This conflicting testimony made and presented a jury question. *Jones v. State,* 54 Ala.App. 251, 307 So.2d 59.

■ Where there is legal evidence from which the jury can by fair inference find the accused guilty, this court has no right to disturb the verdict. Whether there is such evidence is a question of law, its weight and probative value are for the jury. *Stiles v. State,* 55 Ala.App. 374, 315 So.2d 609.

We find no error in the record and the judgment of conviction is affirmed.

Affirmed.

All the Judges concur.